# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | |
| § | No. 1:25-CR-00345-ADA |
| **(1) JOVANI RODRIGUEZ-** § | |
| **GARCIA,** § | |
| *Defendant* § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision, which asks the Court to revoke Defendant Joe Michael Casey Torrez's term of supervised release. Dkt. 2. The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. For the reasons stated below, the undersigned recommends that the District Judge continue Torrez's supervised release with modifications to his current conditions.

## I.   BACKGROUND

Defendant Rodriguez-Garcia is presently serving a 2-year term of supervised release on a conviction out of the Southern District of Texas. Dkt. 1, at 10. In July 2025, Defendant's supervision was transferred here to the Western District of Texas.

1

*Id.*, at 1. Within a few weeks of that transfer, the U.S. Probation Office filed a petition to revoke Defendant's supervising release. Dkt. 2. The summary of previous court action and violation allegations below come from that document:

> According to USPO's petition, Torrez began serving his term of supervised release in February 2024. Dkt. 2, at 1. The petition indicates that in July and August 2024, Torrez submitted positive drug tests for methamphetamines, which he admitted using; that USPO referred Torrez to outpatient treatment in July 2024; and that he failed to attend multiple scheduled sessions and missed a scheduled random drug test in August 2024. *Id.* at 2. The petition further recounts Torrez's arrest on August 29, 2024, by the Leander Police Department for suspicion of driving while intoxicated. *Id.* At that time, law enforcement found approximately 2 grams of methamphetamines in the vehicle Torrez was driving, along with a glass pipe on his person. *Id.* Torrez was charged with Possession of a Controlled Substance PG 1, a felony. *Id.*
>
> USPO's petition seeks to revoke Torrez's supervised release. *Id.* The undersigned set the petition for a hearing, at which the Government, the USPO, Torrez, and his attorney were all present. At the hearing, the parties announced that Torrez had agreed to plead true to violations of Mandatory Condition 3, Standard Condition 8, and Special Condition 3. The Government declined to attempt to prove the remaining allegations in the petition. The undersigned admonished Torrez of his rights and accepted his plea of true. On the record, the undersigned stated an intention to recommend, consistent with the parties' recommendation, that Torrez's term of supervised release be continued, with a modification that Torrez be required to participate in an inpatient drug-treatment program….
>
> <u>Violation of Mandatory Condition No. 2</u>: "You must not unlawfully possess a controlled substance."
>
> <u>Violation of Mandatory Condition No. 3</u>: "You must refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court"
>
> <u>Violation of Special Condition</u>: "The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall

> supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able."
>
> <u>Nature of Non-Compliance</u>: On July 16, 2025, the offender was enrolled in a substance abuse treatment program. On August 18, 2025, the offender submitted a random urine sample that tested positive for cocaine. The officer made a contact with the offender who admitted verbally and in writing to using cocaine on August 15, 2025. Furthermore, the offender advised that prior his cocaine use he had a verbal argument with his girlfriend, purchased a 24-pack of beer and consumed it in the parking lot of an HEB grocery store. On August 18, 2025, due to the offender's illegal drug use, the offender was unsuccessfully discharged from the substance abuse treatment program.

*Id.*

The undersigned set the petition for hearing, at which Defendant attended, along with his counsel, Assistant Federal Public Defender Jose Gonzalez-Falla, Assistant U.S. Attorney Matthew Devlin, and USPO Edgar Juarez. Defendant pleaded true to the facts in the petition, leaving open the question of a recommended punishment. Defendant argued for a modification of the terms of his supervised release to allow him to obtain inpatient drug and alcohol abuse treatment. The AUSA and USPO both argued for revocation of his supervised release with no term of supervised release to follow.

## II.     FINDINGS OF THE COURT

1. Probable cause exists for the alleged violation of Mandatory Conditions 2 and 3 and Special Condition.

2. The most serious violation is a Grade C, and Defendant's criminal history category is II.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of the his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated Mandatory Conditions 2 and 3 and Special Condition of his term of supervised release, and there is a factual basis in support of that finding.

### III.   FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of the defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the Court.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that Torrez's term of supervised release be **CONTINUED** and the USPO's petition to revoke, Dkt. 2, be **DENIED**.

The undersigned **FURTHER RECOMMENDS** that Torrez's current conditions of release be **MODIFIED** to impose, in addition to his current conditions, the following:

Defendant shall participate in, and successfully complete, an inpatient substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## VI.    ORDER REGARDING DEFENDANT'S CUSTODY

The Court **ORDERS** that Defendant shall remain in the custody of the U.S. Marshals pending acceptance and transfer to the Cenikor inpatient treatment program identified by USPO.

The Court **FURTHER ORDERS** that the United States Marshals Service transport Defendant to the United States Courthouse for release and that he then be transported by the U.S. Probation Office, or by an individual approved by USPO, to the inpatient treatment program, as directed.

SIGNED September 17, 2025.

                                                     DUSTIN M. HOWELL
                                                     UNITED STATES MAGISTRATE JUDGE